IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID WAYNE ANDERSON,          ) | |
|          ) | Civil Action No. 7:19cv00785 |
|     Plaintiff,     ) | |
|          ) | |
| v.          ) | **MEMORANDUM OPINION** |
|          ) | |
| JUDGE LOWE, *et al.*,          ) | By:   Hon. Thomas T. Cullen |
|          ) |           United States District Judge |
|     Defendants.     ) | |

Plaintiff David Wayne Anderson, a Virginia inmate proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983, against a judge, two prosecutors, and the Commonwealth of Virginia. Anderson seeks leave to proceed *in forma pauperis* with this action. Having reviewed Anderson's complaint, the court grants his request to proceed *in forma pauperis* but concludes that Anderson fails to state a cognizable federal claim against any of the named defendants. Therefore, the court will dismiss Anderson's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.

Anderson alleges that on July 5, 2018, he was "placed under investigation" based on "allegations made against him." On August 28, 2018, Anderson was arrested on two counts of sodomy and two counts of aggravated sexual battery. Anderson argues that defendants Washington County Commonwealth's Attorney ("CA") Joshua Cumbow and Assistant Commonwealth's Attorney ("ACA") Elizabeth Bruzzio failed to have an "adequate investigation done and conducted before issuing charges" against Anderson. After his arrest, Anderson states that he notified CA Cumbow that other people had committed crimes against

him but claims that CA Cumbow "ignored" Anderson's assertions because those people were witnesses for the Commonwealth.

On October 23, 2018, Anderson was indicted by a grand jury on forty counts of possessing child pornography, two counts of sodomy, and four counts of aggravated sexual battery. He claims the defendants obtained his electronic devices without a search warrant and allowed investigators to submit "illegal" and "false" information to obtain the indictments. Anderson claims that all of the images at issue were "from publicly viewable searches on [G]oogle [C]hrome, age verified, copy [righ]ted, federal approved, age appropriated sites [*sic*]."

Anderson claims that in preparing for trial, he and his defense counsel had "disagreements" over potential defenses and the amount of time "spent to prepare" for trial. Anderson states that the court "approved" a "private investigator" to assist counsel in trial preparation, but the investigator was "not used." On November 5, 2019, Anderson appeared before defendant Judge C. Randall Lowe concerning his request for a "computer expert" to "assist in obtaining information to prove [Anderson's] innocence." Anderson claims that prior to the hearing, defense counsel thought that they "should have" gotten a "computer expert," but at the hearing, defense counsel told the judge "differently." Defense counsel advised the judge that Anderson was not satisfied with the defense and Anderson advised the judge that he wanted to have a "computer expert" and new counsel. After hearing Anderson's arguments, the judge concluded that counsel was "more than adequate" and "experienced enough to represent" Anderson and, consequently, denied Anderson's request.

On November 12 and 13, 2019, Anderson was tried by a jury on the forty counts of possessing child pornography.[1] Anderson was convicted of thirty-one of the forty counts. Anderson argues that defense counsel was ineffective in failing to call witnesses, failing to utilize all available resources, and failing to spend "adequate time to prepare a professional defense." He also argues that the defendants "allowed trial to proceed by jury knowing[] that [the] jury would find guilt just due to the nature of [the] allegations." Anderson claims that Judge Lowe violated his rights by "not allowing" him to have effective assistance of counsel or to seek a "forensics-computer expert," and by denying his request to continue the trial. As relief, Anderson seeks a new trial (with new defense counsel, new prosecutors, and a new judge), a full investigation into the "validity" of the images, a public reprimand of the defendants, a public apology from the defendants, investigation of crimes committed against him, and $4 million in damages.

## II.

"When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). *See generally Wilkinson v. Dotson*, 544 U.S. 74, 78–82 (2005) (summarizing the distinctions between § 1983 and habeas actions). To the extent Anderson challenges the validity of his conviction and seeks immediate or speedier release from incarceration, his claim is not cognizable in a § 1983 action.

---

[1] According to Anderson, at the time he filed this action, he was "awaiting" trial on the other charges.

### III.

Anderson's claims against the judge and prosecutors also fail because these defendants are entitled to absolute immunity. Judges are absolutely immune from suits under § 1983 for acts committed within their judicial discretion.[2] *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). "Absolute judicial immunity exists 'because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.'" *Lesane v. Spencer*, No. 3:09CV012, 2009 WL 4730716, at *2 (E.D. Va. Dec. 8, 2009) (quoting *McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972) (citations omitted), *overruled on other grounds by Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995)). Judges are entitled to immunity even if "the action [they] took was in error, was done maliciously, or was in excess of [their] authority . . . ." *Stump*, 435 U.S. at 356. Accordingly, Judge Lowe is entitled to judicial immunity.

A prosecutor is a quasi-judicial officer who enjoys absolute immunity when performing prosecutorial functions. *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976). A prosecutor has absolute immunity for activities performed as "an officer of the court" where the conduct at issue was closely associated with the judicial phase of the criminal process. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341–42 (2009). For example, when a prosecutor takes steps to initiate judicial proceedings or conducts a criminal trial, bond hearings, grand jury proceedings, and pre-trial motions hearings, absolute immunity applies. *Id.* at 343; *see also Savage v. Maryland*, 896 F.3d 260, 268 (4th Cir. 2018) ("When a prosecutor is functioning as an advocate for the State, it is

---

[2] Only two exceptions apply to judicial immunity: (1) nonjudicial actions, and (2) those actions, "though judicial in nature, taken in complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (citation omitted). Neither exception applies here.

clear that his or her actions are 'intimately associated with the judicial phase of the criminal process' and thus protected by absolute immunity.") In deciding whether an action meets that standard, the court applies a "functional approach," looking to "'the nature of the function performed,' without regard to 'the identity of the actor who performed it.'" *Nero v. Mosby,* 890 F.3d 106, 118 (4th Cir. 2018) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993)). The focus is on the "conduct for which immunity is claimed, not on the harm that the conduct may have caused or the question whether it was lawful." *Buckley*, 509 U.S. at 271. In this case, Anderson complains solely of CA Cumbow and ACA Bruzzio's conduct as advocates of the Commonwealth during Anderson's criminal prosecution. Accordingly, these prosecutors entitled to prosecutorial immunity in this case.

## IV.

Anderson's claim against the Commonwealth of Virginia also fails to state a claim. To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." W*ill v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, the court will dismiss Anderson's complaint against the Commonwealth.

## V.

For the reasons discussed, the court will dismiss Anderson's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**ENTERED** this 14th day of December, 2020.

　　　　　　　　　　　　　　　　　　*/s/ Thomas T. Cullen*
　　　　　　　　　　　　　　　　　　HON. THOMAS T. CULLEN
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE